UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL E. BECNEL, JR., individually and on behalf of himself and all others similarly situated, | * * * * | Civil Action No. 14-0003 |
| Plaintiffs | * * | Judge Barbier |
| VERSUS | * * | Magistrate Judge North |
| MERCEDES-BENZ USA, LLC | * * | Section J(5) |
| Defendant | * * | |

**************************************

# REPLY BRIEF IN SUPPORT OF
# RULE 12(F) MOTION TO STRIKE CLASS ALLEGATIONS

        Colvin G. Norwood, Jr. (#10083)
        wnorwood@mcglinchey.com
        Gary G. Hebert (#19446)
        ghebert@mcglinchey.com
        Gabriel A. Crowson (#28009)
        gcrowson@mcglinchey.com
        **McGlinchey Stafford, PLLC**
        601 Poydras Street, 12th Floor
        New Orleans, Louisiana 70130
        Telephone: (504) 586-1200
        Facsimile: (504) 596-2800

        *Counsel for Defendant Mercedes-Benz USA, LLC*

## TABLE OF CONTENTS

Page

INTRODUCTION ...............................................................................................................................1

I.   BECNEL'S ENTIRE OPPOSITION IS ILL-CONCEIVED BECAUSE IT IS BASED ON OUTDATED AUTHORITY THAT HE MISINTERPRETS. ..........................2

II.  DUE PROCESS REQUIRES THE COURT TO APPLY THE LAW OF EACH CLASS MEMBER'S HOME STATE, SO COMMONALITY, PREDOMINANCE, AND MANAGEABILITY REQUIREMENTS CANNOT BE MET IN THIS CASE. ...............................................................................................................2

III. THE PROPOSED CLASS IS IMPERMISSIBLY OVERBROAD AND INDEFINITE. ....................................................................................................................4

    A.   The Proposed Class Improperly Includes Persons Who Lack Standing to Sue Under Louisiana Law. ...........................................................................4

    B.   The Proposed Class Also Encompasses Persons Whose Vehicles Never Manifested a Defect; Those People Have No Injury and No Standing. ..................4

    C.   The Proposed Class Is Improperly Defined in Other Ways As Well. ....................5

IV.  BECNEL CONCEDES HE CANNOT PURSUE A PRIVATE CLASS ACTION UNDER THE LUTPA. ..........................................................................................6

V.   BECNEL IS NEITHER A TYPICAL NOR AN ADEQUATE CLASS REPRESENTATIVE. ...........................................................................................................6

VI.  THE CLASS ALLEGATIONS FAIL TO MEET OTHER PLEADING REQUIREMENTS, SO THE CASE SHOULD NOT PROCEED TO DISCOVERY. ...........................................................................................................................8

VII. BECNEL ABANDONS HIS RULE 23(B)(1) CLASS ALLEGATIONS, SO THEY SHOULD BE STRICKEN. ...................................................................................10

CONCLUSION ................................................................................................................................10

i

## TABLE OF AUTHORITIES

Page

**Cases**

*Castano v. Am. Tobacco Co.*,
    84 F.3d 734 (5th Cir. 1996) ................................................................................... 3

*Cole v. Gen. Motors Corp.*,
    484 F.3d 717 (5th Cir. 2007) ............................................................................. 3, 4

*Comcast Corp. v. Behrend*,
    133 S. Ct. 1426 (2013) ........................................................................................... 2

*Dixie Brewing Co. v. U.S. Dep't of Veterans Affairs*,
    952 F. Supp. 2d 809 (E.D. La. 2013) ............................................................. 1, 6, 9

*Frederico v. Home Depot*,
    507 F.3d 188 (3d Cir. 2007) ............................................................................ 5, 6, 8

*Gen. Tel. Co. of S.W. v. Falcon*,
    457 U.S. 147 (1982) ............................................................................................... 2

*Grant v. Houser*,
    2010 WL 3303853 (E.D. La. Aug. 17, 2010) ....................................................... 6

*Hodczak v. Latrobe Specialty Steel Co.*,
    2009 WL 911311 (W.D. Pa. Mar. 31, 2009) ..................................................... 8, 9

*Hovsepian v. Apple, Inc.*,
    2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ....................................................... 4

*Iberia Credit Bureau, Inc. v. Cingular Wireless, LLC*,
    379 F.3d 159 (5th Cir. 2004) ................................................................................. 6

*In re Deepwater Horizon*,
    732 F.3d 326 (5th Cir. 2013) ............................................................................. 4, 5

*In re Masonite Corp. Hardboard Siding Prods. Liab. Litig.*,
    170 F.R.D. 417 (E.D. La. 1997) ............................................................................. 4

*In re Panacryl Sutures Prods. Liab. Litig.*,
    263 F.R.D 312 (E.D.N.C. 2009) ............................................................................ 7

*In re Vioxx Prods. Liab. Litig.*,
    2008 WL 4681368 (E.D. La. Oct. 21, 2008) ......................................................... 6

*In re Vioxx Prods. Liab. Litig.*,
    239 F.R.D. 450 (E.D. La. 2006) ............................................................................ 7

**TABLE OF CONTENTS**
(CONTINUED)

Page

*Indest-Guidry, Ltd. v. Key Office Equip., Inc.*,
 997 So. 2d 796 (La. App. 3 Cir. 11/5/08) ............................................................... 6

*John v. Nat'l Sec. Fire & Cas. Co.*,
 501 F.3d 443 (5th Cir. 2007) ................................................................................. 2

*Jue v. Costco Wholesale Corp.*,
 2010 WL 889284 (N.D. Cal. Mar. 11, 2010) ......................................................... 8

*Khalili v. Comerica Bank*,
 2011 WL 2445870 (N.D. Cal. June 16, 2011) ....................................................... 9

*Lessard v. Metro. Life Ins. Co.*,
 103 F.R.D. 608 (D. Me. 1984) ............................................................................... 2

*Maniscalco v. Brother Int'l (USA) Corp.*,
 709 F.3d 202 (3d Cir. 2013) ................................................................................... 4

*Markey v. La. Citizens Fair Plan*,
 2008 WL 5427708 (E.D. La. Dec. 30, 2008) ......................................................... 2

*Morris v. Sears, Roebuck and Co.*,
 765 So. 2d 419 (La. App 4 Cir. 5/31/00) ................................................................ 6

*Mowry v. JP Morgan Chase Bank, N.A.*,
 2007 WL 1772142 (N.D. Ill. June 19, 2007) .......................................................... 7

*Nicholas v. CMRE Fin. Servs., Inc.*,
 2009 WL 1652275 (D.N.J. June 11, 2009) ............................................................. 8

*Phillips Petroleum Co. v. Shutts*,
 472 U.S. 797 (1985) ................................................................................................ 2

*Pilgrim v. Univ. Health Card, LLC*,
 2010 WL 1254849 (N.D. Oh. Mar. 25, 2010) ........................................................ 4

*Pilgrim v. Univ. Health Card, LLC*,
 660 F.3d 943 (6th Cir. 2011) .................................................................................. 2

*Smith v. Lyons, Doughty & Veldhuius, P.C.*,
 2008 WL 2885887 (D.N.J. July 23, 2008) .............................................................. 9

*Spence v. Glock, Ges.m.b.H.*,
 227 F.3d 308 (5th Cir. 2000) .................................................................................. 3

*State of La. ex rel. Guste v. Gen. Motors Corp.*,
 370 So. 2d 477 (La. 1978) ...................................................................................... 6

**TABLE OF CONTENTS**
**(CONTINUED)**

Page

*Stewart v. Caton*,
  2013 WL 4459981 (E.D. La. Aug. 16, 2013) ............................................................ 5, 6, 8

*Stirman v. Exxon Corp.*,
  280 F.3d 554 (5th Cir. 2002) ................................................................................... 7

*Suffern v. Countrywide Home Loans, Inc.*,
  2006 WL 1999204 (E.D. La. July 14, 2006) ............................................................ 6

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011) ............................................................................................ 2

*Zhong v. August August Corp.*,
  498 F. Supp. 2d 625 (S.D.N.Y. 2007) ..................................................................... 8

**Statutes**

Louisiana Civil Code
  Article 2524 ............................................................................................................. 4

Louisiana Revised Statutes
  51:1409 ................................................................................................................... 6

**Rules**

Federal Rules of Civil Procedure
  Rule 23 ............................................................................................................. passim

Federal Rules of Civil Procedure
  Rule 8 ...................................................................................................................... 8

## **INTRODUCTION**

Becnel's Complaint shows that the putative class cannot possibly meet Rule 23 requirements. Amongst other things, the choice of law issues it raises render commonality, predominance, and manageability impossible. Becnel readily acknowledges that "putative class members in other states, 'have a due process right to have their claims governed by the applicable state law for their dispute.'" Opp. 8 (citation omitted). As a matter of law, the class as pled becomes uncertifiable in this case; discovery cannot change the result. Becnel does not refute any of the authorities cited by MBUSA showing that choice of law issues make this type of case unsuitable for class treatment—so the class allegations should be stricken now, without leave to amend.

Separately, the class cannot meet ascertainability requirements. Becnel fails to address most of the ascertainability issues raised by MBUSA, which means he has conceded them. *See, e.g.*, *Dixie Brewing Co., Inc. v. U.S. Dep't of Veterans Affairs*, 952 F. Supp. 2d 809, 814 n.7 (E.D. La. 2013) (a party concedes arguments it fails to oppose). Becnel further concedes his inability to pursue LUTPA claims on behalf of any class. And while Becnel agrees that typicality and adequacy issues raised by MBUSA can be adjudicated now, he does not challenge authorities showing that his claims are not typical and that he is not an adequate class representative.

Becnel also must properly plead facts meeting each requirement of Rule 23(b)(3) ***before*** he is allowed to proceed to discovery. He has failed to do so; tellingly, he does not cite a single factual allegation in his Complaint anywhere in his opposition. In only reiterating baseless conclusory claims, Becnel confirms that this case cannot proceed as a class action.

Finally, Becnel abandons his proposed Rule 23(b)(1) classes. Since he does not oppose MBUSA's motion on these points at all, the Court should strike Becnel's class allegations without leave to amend.

I.   **BECNEL'S ENTIRE OPPOSITION IS ILL-CONCEIVED BECAUSE IT IS BASED ON OUTDATED AUTHORITY THAT HE MISINTERPRETS.**

Citing to outdated lower court decisions, Becnel incorrectly argues that Rule 23 should be "liberally construed" in favor of certification. Opp. at 2 (citing *Lessard v. Metro. Life Ins. Co.*, 103 F.R.D. 608, 610 (D. Me. 1984)). The Supreme Court, however, made it clear in *General Telephone Co. of Southwest v. Falcon* that a court can certify a class only if a "rigorous analysis" establishes that Rule 23's requirements are met. 457 U.S. 147, 161 (1982). Recent Supreme Court decisions reiterate *Falcon's* requirement. *See, e.g.*, *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (requiring "rigorous analysis" of Rule 23 requirements; not favoring class treatment); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

Moreover, where—as here—a plaintiff's class allegations are deficient on the face of the complaint, modern authorities cited by MBUSA hold that courts should strike those allegations at the pleading stage. *See* Mot. at 2-3 (citing cases); *Pilgrim v. Univ. Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007); *Markey v. La. Citizens Fair Plan*, 2008 WL 5427708, at *2 (E.D. La. Dec. 30, 2008). Becnel does not challenge any of these authorities, all of which justify the striking of his class allegations.

II.  **DUE PROCESS REQUIRES THE COURT TO APPLY THE LAW OF EACH CLASS MEMBER'S HOME STATE, SO COMMONALITY, PREDOMINANCE, AND MANAGEABILITY REQUIREMENTS CANNOT BE MET IN THIS CASE.**

Becnel agrees that, as a matter of due process, a court cannot apply the law of one state—*e.g.*, Louisiana—to a nationwide class where the transactions at issue bear "little or no relationship to the forum." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985); *see also* Mot. at 3 (citing cases); Opp. at 8-9. Becnel therefore does not, and cannot, dispute that due process ***requires*** the Court to apply the law of each jurisdiction to a nationwide class action like this one. *See* Mot. at 4; Opp. at 8-9. Consistent with these principles, the Fifth Circuit has held, in a similar nationwide

2

automobile class action, that "the laws governing [a class member's] claims are 'the laws of the state where the vehicle is used by its owner or lessee and in where [sic] the contract of repair is to be performed,'" *i.e.*, the law of the class member's home state. *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724 (5th Cir. 2007).

Because of these undisputed principles, the Court cannot apply Louisiana law to the putative class without violating the due process rights of putative class members. Instead, this Court must apply the law of all 51 jurisdictions. *See* Mot. at 3-4. Such an onerous undertaking means commonality, predominance and manageability requirements cannot be met, as a matter of law—a conclusion Becnel does not dispute. *See, e.g.*, Mot. at 3-6; Opp. at 8-9; *Cole*, 484 F.3d at 724; *Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 312 (5th Cir. 2000); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 743-44, 752 (5th Cir. 1996).

Becnel instead expresses an unfounded hope that discovery might show that the law of 51 jurisdictions will match Louisiana law and that state laws across the nation will dovetail together. *See* Opp. at 9. But MBUSA already cited multiple cases establishing the state-to-state differences in the law governing Becnel's class claims, so the laws of the 51 jurisdictions will not fall neatly together without conflict. Mot. at 4-6 (citing cases). Becnel does not challenge *any* of MBUSA's authorities.

Becnel also suggests that the Court "must perform a choice of law analysis" if it finds a conflict. Opp. at 9. But prevailing Fifth Circuit law—which, again, Becnel does not challenge— already establishes that the choice of law analysis makes class treatment impermissible, *i.e.*, the Court must apply the law of a class member's jurisdiction to his claim. *See, e.g.*, *Cole*, 484 F.3d at 724. These authorities make clear that the Court must apply the law of all states in this nationwide class action, so no action may be certified.

Putting Becnel's remonstrations aside, discovery can not alter this analysis. As *Pilgrim* held in

3

very similar circumstances, "there is no amount of discovery that could remedy the problems" because "[r]egardless of discovery, the Court would be required to utilize the state law of every state in which a consumer purchased the [product at issue]." 2010 WL 1254849, at *5 (N.D. Oh. Mar. 25, 2010) (striking nationwide class allegations at the pleading stage). Critically, Becnel does not identify any *facts* that would make class treatment proper. Thus, the nationwide class allegations should be stricken from the Complaint without leave to amend.

### III. THE PROPOSED CLASS IS IMPERMISSIBLY OVERBROAD AND INDEFINITE.

#### A. The Proposed Class Improperly Includes Persons Who Lack Standing to Sue Under Louisiana Law.

Becnel does not dispute that the proposed class encompasses individuals outside of Louisiana who have no cognizable claims under the Louisiana Products Liability Act ("LPLA"), the Louisiana Unfair Trade Practices Act ("LUTPA"), or the warranties of fitness under Louisiana Civil Code Article 2524. *See, e.g.*, Opp. at 9-10; *Cole*, 484 F.3d at 724; *Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 208-09 (3d Cir. 2013); *In re Masonite Corp. Hardboard Siding Prods. Liab. Litig.*, 170 F.R.D. 417, 422 (E.D. La. 1997). As a matter of law, a class cannot be defined in a manner including individuals without standing to sue. *See, e.g.*, *In re Deepwater Horizon*, 732 F.3d 326, 341 (5th Cir. 2013). Thus, Becnel's proposed class does not meet ascertainability requirements and should be stricken.

#### B. The Proposed Class Also Encompasses Persons Whose Vehicles Never Manifested a Defect; Those People Have No Injury and No Standing.

Becnel does not dispute that an alleged defect ***must manifest*** before any injury sufficient to confer standing can exist. *See, e.g.*, *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (granting motion to strike class allegations; holding that a proposed "class [was] not ascertainable because it includes members who have not experienced any problems [of the type

4

alleged]. Such members have no injury and no standing to sue").

Indeed, in the Complaint, Becnel concedes that all of the class claims would need to be based on the same allegation that the "Airmatic System was defective because it *failed* to operate as intended." Compl. ¶ 7 (emphasis added). In addition, Becnel concedes the putative class includes many whose vehicles have *never* experienced the required failure. *See* Opp. at 3 (acknowledging that alleged issue might only have "*potentially* resulted in damage" or "a *possible* personal injury claim" in various class vehicles, and therefore admitting that not all persons within the putative class definition have standing) (emphases added); *id.* at 9-10; Mot. at 9-10. Consequently, the class cannot satisfy the ascertainability requirement because, in this way as well, it is defined to include persons without standing. *See In re Deepwater Horizon*, 732 F.3d at 341.

Misapprehending MBUSA's arguments, Becnel requests additional discovery to determine if all class vehicles contain the alleged (but unspecified) defect. That question is irrelevant because it is undisputed that not all class members have *manifested* the alleged defect, *i.e.*, had vehicles "fail[] to operate as intended." *Cf.* Compl. ¶ 7.

   **C.**  **The Proposed Class Is Improperly Defined in Other Ways As Well.**

Becnel tries to modify his class definition in his brief with additional phraseology and terms not included in his Complaint (*compare* Compl. ¶ 22, *with* Opp. at 9), but he cannot amend his deficient pleading by his opposition. *See, e.g.*, *Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007); *Stewart v. Caton*, 2013 WL 4459981, at *9 (E.D. La. Aug. 16, 2013). The Court should therefore disregard such modifications.

In any event, Becnel's attempted modifications only prove that his class definition is not certain enough to be ascertainable. For example, in its moving papers, MBUSA explained that the phrase "since 2007" is ambiguous because it is unclear whether it captures (1) those GL-series vehicles produced since 2007, (2) GL-series vehicles sold since 2007, (3) GL-series vehicles bearing

5

a 2007 or later model year, (4) those owners and lessees of GL-series vehicles who were owners and lessees of GL-series vehicles as of 2007, or (5) some other interpretation not made clear by the language. Becnel now states that the class encompasses GL-series vehicles "*model year* 2007 through today" (Opp. at 1 (emphasis added); *see also id.* at 3), but his eleventh-hour attempt to correct his deficient class definition fails. *See Frederico*, 507 F.3d at 201-02; *Stewart*, 2013 WL 4459981, at *9. Where, as here, a plaintiff's class definition is imprecise, the court should strike it. *In re Vioxx Prods. Liab. Litig.*, 2008 WL 4681368, at *9-*10 (E.D. La. Oct. 21, 2008).

### IV. BECNEL CONCEDES HE CANNOT PURSUE A PRIVATE CLASS ACTION UNDER THE LUTPA.

Becnel also fails to defend his class allegations under the LUTPA; he cannot do so, because the LUTPA expressly prohibits private class actions. *See* La. Rev. Stat. 51:1409. "[C]lass claims under the LUTPA must be dismissed. LUTPA prohibits class action claims." *Grant v. Houser*, 2010 WL 3303853, at *6 (E.D. La. Aug. 17, 2010); *see also, e.g.*, *Iberia Credit Bureau, Inc. v. Cingular Wireless, LLC*, 379 F.3d 159, 174-75 (5th Cir. 2004); *Suffern v. Countrywide Home Loans, Inc.*, 2006 WL 1999204, at *2 (E.D. La. July 14, 2006); *State of La. ex rel. Guste v. Gen. Motors Corp.*, 370 So. 2d 477, 485 (La. 1978); *Indest-Guidry, Ltd. v. Key Office Equip., Inc.*, 2008-599 (La. App. 3 Cir. 11/5/08), 997 So. 2d 796, 810; *Morris v. Sears, Roebuck and Co.*, 1999-2772 (La. App 4 Cir. 5/31/00), 765 So. 2d 419, 421. Becnel's failure to address MBUSA's point operates as a concession. *Dixie Brewing Co.*, 952 F. Supp. 2d at 814 n.7. Thus, the Court should now strike Becnel's LUTPA class claims without leave to amend.

### V. BECNEL IS NEITHER A TYPICAL NOR AN ADEQUATE CLASS REPRESENTATIVE.

Becnel agrees that MBUSA's challenges to typicality and adequacy are ripe for adjudication. Opp. at 4-6. But he refuses to address modern and prevailing case law from the Fifth Circuit and other courts holding that Rule 23's typicality and adequacy requirements are not met where—as

6

here—the Court must apply the substantive laws of all 51 jurisdictions. *See, e.g.*, *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002); *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 460 (E.D. La. 2006); *In re Panacryl Sutures Prods. Liab. Litig.*, 263 F.R.D. 312, 322 (E.D.N.C. 2009). These authorities make clear that Becnel's claims, arising under Louisiana law, are not "typical" of the claims of other class members, which arise under the substantive laws of each class member's respective home state.

Becnel cites outdated case law for the proposition that typicality always is met where the class claims arise from the "same course of conduct." Opp. at 5. But these cases do not reflect current jurisprudence; none describe the law of the Fifth Circuit, and none address the situation here, *e.g.*, where many cannot possibly state the same claims as Becnel. MBUSA's authorities address precisely this situation, and establish that Becnel's claims ***are not typical***. *See* Mot. at 13-14. The same logic proves that Becnel cannot adequately represent class interests. *Id.*

Separately, Becnel fails to meet typicality and diligence requirements because his lack of diligence has created significant prescription issues for himself. *See* Mot. to Dismiss at 12-16 (Dkt. No. 10-1); Reply in Support of Motion to Dismiss at 8-10 (Dkt. No. 22). "Even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation," as they pose "a danger that absent class members will suffer if their representative is preoccupied" with addressing such defenses. *Heffelfinger v. Elec. Data Sys.*, 2008 WL 8128621, at *15 (C.D. Cal. Jan. 7, 2008).

Becnel cannot satisfy the adequacy prong of Rule 23 for an additional reason as well. Although he generally denies any conflict of interest with absent class members, he does not dispute—or even address—the fact that his brother is his counsel. Their relationship "creates a

7

'natural assumption' that they 'enjoy a closer personal and family relationship and, consequently, would be inclined to support each other's interests' at the expense of the class." Mot. at 14, n.2 (quoting *Mowry v. JP Morgan Chase Bank, N.A.*, 2007 WL 1772142, at *3 (N.D. Ill. June 19, 2007) (noting that "a conflict of interest is likely when the named plaintiff is a brother of class counsel"); *see also Zylstra v. Safeway Stores, Inc.*, 578 F. 2d 102, 104 (5th Cir. 1978) ("An attorney whose fees will depend upon the outcome of the case and who is also a class member or closely related to a class member cannot serve the interests of the class with the same unswerving devotion as an attorney who has no interest other than representing the class members." (following *Kramer v. Scientific Control Corp.*, 534 F.2d 1085 (3d Cir. 1976))); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1155 (8th Cir. 1999) ("An attorney whose fees will depend upon the outcome of the case and who is also a class member or closely related to a class member cannot serve the interests of the class with the same unswerving devotion as an attorney who has no interest other than representing the class members."). Becnel's silence and concession on this issue ends the inquiry. He cannot meet Rule 23's adequacy requirement, so there is an additional reason to grant MBUSA's motion.

## VI. THE CLASS ALLEGATIONS FAIL TO MEET OTHER PLEADING REQUIREMENTS, SO THE CASE SHOULD NOT PROCEED TO DISCOVERY.

Becnel relies only on conclusory allegations to establish the propriety of class treatment, and such allegations fail as a matter of law. Courts note time and again that "class allegations must also comply with Rule 8(a) in order to proceed to class discovery." *Nicholas v. CMRE Fin. Servs., Inc.*, 2009 WL 1652275, at *4 (D.N.J. June 11, 2009); *see, e.g., Hodczak v. Latrobe Specialty Steel Co.*, 2009 WL 911311, at *9 (W.D. Pa. Mar. 31, 2009) (plaintiff is not relieved of obligation to file a properly pled complaint in first instance before obtaining class discovery); *Jue v. Costco Wholesale Corp.*, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010) (same).

Here, Becnel's class allegations fail to satisfy Rule 8 (*see, e.g.*, Mot. at 18), and neither the

8

new allegations presented in his opposition nor his plea for discovery substitute for proper pleading. By way of example, Becnel's typicality allegation consists of a single conclusory claim unsupported by any facts, which cannot satisfy Rule 8 requirements. Compl. ¶ 26. Becnel's numerosity allegation spans two sentences, but simply recites the language of Rule 23(a) and claims, again without support, that a class action is more "efficient." *Id.* ¶ 24.

Perhaps realizing the deficiencies in his class allegations, Becnel presents new class allegations in his opposition brief. *See* Opp. at 3-9. For instance, Becnel now claims putative class members share "the same legal theories." *Id.* at 5. That statement is actually incorrect (*see* Sections II, V), but, in any event, Becnel never made that allegation in his Complaint. As noted above, Becnel cannot amend his deficient allegations through his opposition brief, so his discussion of these requirements should be disregarded. *See Frederico*, 507 F.3d at 201-02; *Stewart*, 2013 WL 4459981, at *9. The allegations in the Complaint are deficient—so those allegations should be stricken.

"[C]lass certification discovery is not a substitute to the pleading requirements of Rule 8 and *Twombly*. Class allegations must be supported by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted." *Jue*, 2010 WL 889284, at *6; *Nicholas*, 2009 WL 1652275, at *4; *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 631 (S.D.N.Y. 2007). Plaintiff must therefore file "a properly pled complaint in the first instance demonstrating [an entitlement to] discovery." *Hodczak*, 2009 WL 911311, at *9. Discovery is "costly, time-consuming, and invasive," *Khalili v. Comerica Bank*, 2011 WL 2445870, at *3 (N.D. Cal. June 16, 2011), and it "should not serve as a fishing expedition during which Plaintiff searches for evidence in support of facts he has not yet pled." *Smith v. Lyons, Doughty & Veldhuius, P.C.*, 2008 WL 2885887, at *5 (D.N.J. July 23, 2008).

9

**VII. BECNEL ABANDONS HIS RULE 23(B)(1) CLASS ALLEGATIONS, SO THEY SHOULD BE STRICKEN.**

In his opposition, Becnel makes no reference to his class allegations under Rule 23(b)(1)(A) or 23(b)(1)(B) and fails to address MBUSA's arguments as to their inapplicability. *See* Mot. at 14-18. By his silence, Becnel abandons his class allegations under Rule 23(b)(1) and concedes they are impertinent and immaterial. *Dixie Brewing Co*, 952 F. Supp. 2d at 814 n.7. The Court should strike them accordingly.

## CONCLUSION

For the foregoing reasons, MBUSA respectfully requests this Court grant its motion and strike Becnel's class allegations without leave to amend.

Respectfully submitted,

/s/ Gabriel A. Crowson
Colvin G. Norwood, Jr. (#10083)
wnorwood@mcglinchey.com
Gary G. Hebert (#19446)
ghebert@mcglinchey.com
Gabriel A. Crowson (#28009)
gcrowson@mcglinchey.com
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800

*Counsel for Defendant Mercedes-Benz USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record, via the Court's CM/ECF system, this 22nd day of April 2014.

/s/ Gabriel A. Crowson
Gabriel A. Crowson