UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL E. BECNEL, JR.,                     CIVIL ACTION
individually and on behalf
of all others similarly
situated

VERSUS                                     NO: 14-0003

MERCEDES-BENZ USA, LLC                     SECTION: "J" (5)

**ORDER & REASONS**

Before the Court is Defendant Mercedes-Benz USA, LLC ("MBUSA")'s **Motion to Strike Class Allegations (Rec. Doc. 12)**, Plaintiff Daniel Becnel's opposition (Rec. Doc. 18), and MBUSA's reply memorandum. (Rec. Doc. 27) The motion was set for hearing on April 23, 2014, on the briefs. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

**FACTS AND PROCEDURAL BACKGROUND**

This matter arises from Plaintiff's claims for negligence, strict product liability, breach of implied warranty, fraud, and violations of the Louisiana Unfair Trade Practice Act, Louisiana Revised Statute §§ 51:1401, *et seq* ("LUTPA") and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*. Plaintiff's claims arise from his purchase of a 2008 Mercedes-Benz GL320 from Mercedes-Benz of New Orleans ("Dealer") on February 26, 2008. (Rec. Doc. 1, p. 4,

¶ 14) On November 31, 2011, after noticing that his vehicle was leaning to one side, thereby making it unreliable and undriveable, Becnel brought the vehicle to the Dealer for service. (Rec. Doc. 1, p. 4, ¶ 15). The problem recurred, and Becnel returned the vehicle to the Dealer for service on March 5, 2012, June 28, 2012, and August 31, 2013. (Rec. Doc. 1, p. 5, ¶¶ 16-18) Each time that Becnel tendered the vehicle to the Dealer, the Airmatic Suspension System ("the Suspension System") was cited as the problem and was repaired. Becnel alleges that MBUSA knew that the Suspension System was defective but concealed that fact from current, future, and past owners and/or lessors of GL model vehicles.

Based on these facts, Becnel filed a class action complaint on January 2, 2014 against MBUSA on behalf of "[a]ll current and past owners or people who leased Mercedes-Benz USA, LLC GL model of vehicles since 2007." (Rec. Doc. 1, p. 6, ¶ 22) MBUSA filed the instant motion and a motion to dismiss on February 28, 2014. (Rec. Docs. 10 & 12).  The Court granted the motion to dismiss in part, granted Plaintiff leave to amend his complaint, and deferred ruling on the motion to strike until after the filing of the amended complaint. (Rec. Doc. 30) Plaintiff filed an amended complaint on May 23, 2014. (Rec. Doc. 31)

## PARTIES' ARGUMENTS

MBUSA advances several arguments in support of its motion to strike; however, the Court will only address those most pertinent

to the instant order and reasons. MBUSA argues that Plaintiff's nationwide class allegations present predominance and manageability challenges that cannot be overcome. MBUSA contends that due process bars the Court from applying Louisiana law to the claims of absent class members from other states, and that the application of every other applicable state's laws would be unmanageable. Therefore, because Plaintiff's claims cannot meet the requirements of 23(b)(3), his class allegations should be stricken. Plaintiff, on the other hand, notes that this argument is premature. He argues that despite the *potential* for uncommon issues of law, it cannot be denied that there are common issues of fact, and that is sufficient. Further, the fact that multiple states' laws *may* apply is not a bar in and of itself. Rather, after discovery and after it is determined which states' laws are implicated, the Court will have to engage in a conflicts analysis to determine if the laws are incompatible. So, even though class certification may be improper further along in litigation, it is not improper now.

## <u>LEGAL STANDARD & DISCUSSION</u>

"To survive a motion to strike class allegations, plaintiffs must plead the minimum requirements of Federal Rule of Civil Procedure 23(a) and (b)." *Grant v. Houser*, No. 10-805, 2010 WL 3303853 (E.D. La. Aug. 17, 2010). The four 23(a) prerequisites include:

(1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions of

3

> law or fact common to the class); (3) typicality (named
> parties' claims or defenses are typical of the class);
> and (4) adequacy of representation (representatives will
> fairly and adequately protect the interests of the
> class).

*Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 613 (1997). Once

the prerequisites of Rule 23(a) have been satisfied, a plaintiff

must show that one of the subdivisions of Rule 23(b) has also been

satisfied in order to obtain class certification. *Id.* at 614. In

the instant matter, Plaintiff seeks certification under 23(b)(3),[1]

so he must prove that: (1) common questions of law or fact

predominate over questions affecting only individual class members,

and (2) class treatment is superior to other methods available for

adjudicating the controversy. FED. R. CIV. PRO. 23(b)(3). The

relevant considerations to these findings include:

> (A) the class members' interests in individually
> controlling the prosecution or defense of separate
> actions;
>
> (B) the extent and nature of any litigation concerning
> the controversy already begun by or against class
> members;
>
> (C) the desirability or undesirability of concentrating
> the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

FED. R. CIV. PRO. 23(b)(3). Further, because multi-state class

actions can cause considerable difficulty in the predominance and

---

[1] Plaintiff specifically states in his opposition that he only seeks to certify a class under this provision; therefore, MBUSA's arguments concerning the remaining provisions of Rule 23(b) will not be addressed.

superiority elements of Rule 23(b)(3), "a district court must consider how variations in state law affect predominance and superiority." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996) ("[V]ariations in state law may swamp any common issues and defeat predominance.") The burden of proof lies with the plaintiff who seeks to certify a class. *Ziedman v. Ray McDermott & Co.,* 651 F.2d 1030, 1038 (5th Cir.1981).[2]

In the instant motion, Defendant challenges the appropriateness of the nationwide class. Neither party to the instant matter, most notably Plaintiff, has provided the Court with any kind of survey of the various state laws that will apply. Without such information, the Court simply cannot engage in the rigorous inquiry contemplated under *Castano,* meaning that Plaintiff has failed to meet his burden of proving that the minimal class requirements have been met. *Ziedman,* 651 F.2d at 1038; *Castano*, 84 F.3d at 741. Therefore, the instant motion must be granted.

Further, even without more extensive evidence, the Court cannot accept Plaintiff's meritless assertion that he "cannot foresee any manageability problems." (Rec. Doc. 18, p. 8) Based on the pleadings alone, the Court can point to several issues. Most

---

[2] The standard applied to the motion to strike is essentially identical to the standard applied in class certification motions. *See Grant*, 2010 WL 3303853; *see also Markey v. Louisiana Citizens Fair Plan*, No. 06-5473, 2008 WL 5427708 (E.D. La. Dec. 30, 2008)(Vance, J.); *Truxillo v. Johnson & Johnson*, *et al.*, No. 07-2883, 2007 WL 4365439 *1 (E.D. La. Dec. 12, 2007)(Barbier, J.) (noting that the issues raised in a motion for judgment on the pleadings regarding class allegations overlap with the issues raised in a motion to certify the class.)

notably, it is reasonable to assume that this matter will require the application of laws from fifty-one different jurisdictions, as it is readily apparent that at least one person from every state and the District of Columbia will be found to have purchased or leased a 2007 GL Class Mercedes.  The Court anticipates serious manageability issues in applying these differing laws to Plaintiff's numerous state law causes of action, including claims for: negligence; products liability based on manufacturing defects, design defects, warning defects, and breach of express warranty; redhibition; fraudulent concealment; and unfair trade practices. (Rec. Doc. 31) Additionally, as was discussed in the Court's Order and Reasons concerning MBUSA's motion to dismiss, Plaintiff, and presumably other class members, face serious prescription issues that will ultimately hinge on their ability to show that the discovery doctrine tolled the prescriptive period. (Rec. Doc. 30, p. 8-13) The use of the discovery doctrine will necessarily involve the task of determining at what time it became unreasonable for each class member to ignore the problems with the vehicles at issue. *See Chevron USA, Inc. v. Aker Mar., Inc.*, 604 F.3d 888, 893-94 (5th Cir. 2010) (noting that in such cases, "the prescriptive period [does] not begin to run until [a plaintiff has] a reasonable basis to pursue a claim against a specific defendant.") The same issue will present itself with regard to the fraud claims, in that the Court will have to determine the element of reliance for each

and every class member. *See Castano*, 84 F.3d at 745 ("fraud class action cannot be certified when individual reliance will be an issue.")

These serious manageability problems far outweigh any benefit that a class action would create. Plaintiff conclusorily points to the usual benefits highlighted in class certification motions, including: (1) that a class action will expedite and streamline the claims at issue, and (2) will help the court avoid holding duplicative hearings on identical issues. Plaintiff does not, however, propose any concrete strategy for achieving these goals. In light of the manageability issues outlined above, the Court cannot imagine that this will truly be the case, and, even to the extent that some issues may be streamlined, it appears that many issues will require individual treatment for each class member and will outweigh or at least balance out any benefit conferred by class treatment.

In light of these considerations, the Court finds that the basic requirements to certify the class have not been met, and, therefore, Defendant's motion should be granted.[3]

---

[3] The Court recognizes that MBUSA effected a sort of "preemptive strike" on the class certification issue by filing the instant motion and thereby limiting the time in which Plaintiff had to gather extensive evidence to combat the motion. Plaintiff never requested an extension of time in which to gather such evidence, however. Moreover, Plaintiff recently filed his own certification motion, which is set for hearing in July, and this motion, prepared on the Plaintiff's own schedule, is equally as conclusory and unhelpful as the opposition to the instant motion. Therefore, it is clear that even upon consideration of that motion, Plaintiff would fail to meet his burden. (Rec. Doc. 33)

Accordingly,

**IT IS ORDERED** that MBUSA's **Motion to Strike (Rec. Doc. 12)** is **GRANTED** and that Plaintiff's class allegations are hereby **STRICKEN** from the complaint.

New Orleans, Louisiana this 3rd day of June, 2014.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE